IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID R. GRAY, JR., as Trustee of the Midwest Real Estate Investment Company Employees' Profit Sharing Plan & Trust,<br><br>                Plaintiff,<br><br>    v.<br><br>PHOENIX BOND & INDEMNITY CO., and BCS SERVICES, INC.,<br><br>                Defendants. | No. 12-cv-6281<br><br>Judge Matthew F. Kennelly |

## JOINT STATUS REPORT

Plaintiff David R. Gray, Jr., as Trustee of the Midwest Real Estate Investment Company Employees' Profit Sharing Plan & Trust (the "Plan Trustee") and Defendants Phoenix Bond & Indemnity Co. ("Phoenix Bond") and BCS Services, Inc. ("BCS"), by and through their respective undersigned attorneys, hereby respectfully submit this joint status report pursuant to the Court's April 28, 2014 Memorandum Opinion and Order (Dkt. 33). Counsel for the parties have conferred at some length on numerous occasions between April 28, 2014 and the date of this filing regarding satisfaction of the judgment. They have been unable to reach agreement and, accordingly, hereby submit separate statements:

## PLAINTIFF'S STATEMENT

The Plan Trustee, in consultation with, and with the agreement of, Bonnie Gray, BG Investments Inc. ("BG"), Atlantic Municipal Corporation ("Atlantic"), Midwest Real Estate Investment Company ("MREIC") and the Estate of David Gray (collectively with the Plan Trustee, the "Gray Defendants"), proposes that the entire balance of the outstanding liquidated

judgment (i.e., including interest but excluding the amount yet to be awarded on the Supplemental Fee Petition of Phoenix Bond and BCS Services) ("Gray Liquidated Judgment Balance") be satisfied by a cash payment to Phoenix Bond and BCS Services immediately upon approval by the bankruptcy court as part of a proposal to dismiss the bankruptcy cases of Bonnie Gray, BG, Atlantic, and MREIC (the "Chapter 11 Defendants").

Phoenix Bond and BCS have advised the Plan Trustee that the Gray Liquidated Judgment Balance totaled exactly $2,652,128.10 as of May 7, 2014. The Gray Defendants propose to pay this amount with cash from (i) the bankruptcy estates of the Chapter 11 Defendants; (ii) the proceeds of a note due to the Estate of David Gray; and (iii) additional cash from sources other than the judgment debtors. The Gray Defendants propose to partially satisfy the judgment with cash from these sources because the judgment debtors do not have enough cash to satisfy the judgment. The Gray Defendants have proposed to use cash from the non-judgment debtor sources as part of a settlement in consideration for an agreement by Phoenix Bond and BCS not to seek a turnover of Plan assets in order to satisfy an award of supplemental fees to Phoenix Bond and BCS. The proposal to satisfy the judgment using cash from non-judgment debtor sources is contingent on the Trustee's ability to obtain some protection for Plan assets.

The settlement proposal would require approval by the bankruptcy court. If the Gray Defendants were able to reach a settlement with Phoenix Bond and BCS, the Chapter 11 Defendants would likely file a motion to approve the compromise and to dismiss the bankruptcy cases upon consummation of the settlement. As part of that submission, the Chapter 11 Defendants would ask the bankruptcy court to disallow unjust enrichment claims recently filed by the Sass Defendants in the bankruptcy cases in order to obtain contribution from the Chapter 11 Defendants for the amounts paid by the Sass Defendants to cover the original fee petition of

2

Phoenix Bond and BCS[1]. The Gray Defendants anticipate that by the time the bankruptcy court would be prepared to determine the Chapter 11 Defendants' requests to approve any compromise and dismiss the bankruptcy cases, any liability the Gray Defendants' might have for any portion of an award on the Supplemental Fee Petition, would be known.

If the Gray Defendants are not able to reach a settlement with Phoenix Bond and BCS that protects the assets of the Plan, and this Court enters an order requiring the Plan Trustee to turnover Plan assets, the Plan Trustee will appeal that order and seek a stay of the order pending appeal.

## DEFENDANTS' STATEMENT

In the numerous discussions between the parties, Plaintiff has insisted on imposing unreasonable conditions on and limitations to Defendants' ability to enforce their judgment against the Plan (and against the other Gray Defendants). As a result, the parties are at an impasse. Consistent with the Court's April 27, 2014 Memorandum Opinion and Order, Defendants hereby request that they be permitted to proceed to enforce the judgment and that the previously-served citations to discover assets directed to the Plan, Bank of America, N.A. and Pullman Bank of Commerce & Industry, now known as U.S. Bank proceed.

---

[1] This Court will recall that last November, it denied a similar motion for contribution filed by the Sass Defendants. (05-cv-04095, Dkt. 1184).

| | |
|---|---|
| Dated: May 9, 2014 | Respectfully submitted, |
| PLAINTIFF DAVID R. GRAY, JR., as Trustee of the Mid West real Estate Investment Company Employees' Profit Sharing Plan & Trust | DEFENDANTS PHOENIX BOND & INDEMNITY CO. and BCS SERVICES, INC. |
| By: /s/ Terence G. Banich | By: /s/ Jonathan S. Quinn |
| Robert M. Fishman (ARDC No. 3124316)<br>Terence G. Banich (ARDC No. 6269359)<br>SHAW FISHMAN GLANTZ & TOWBIN LLC<br>321 North Clark Street, Suite 800<br>Chicago, Illinois 60654<br>(312) 541-0151<br>rfishman@shawfishman.com | Jonathan S. Quinn (ARDC No. 6200495)<br>NEAL, GERBER & EISENBERG LLP<br>Two North LaSalle Street, Suite 1700<br>Chicago, Illinois 60602-3801<br>(312) 269-8093<br>jquinn@ngelaw.com |
| Richard A. Sirus (ARDC No. 6184511)<br>GREENBERG TRAURIG LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>(312) 456-8400<br>sirusr@gtlaw.com | Max A. Stein (ARDC No. 6275993)<br>BOODELL & DOMANSKIS LLC<br>353 North Clark Street, Suite 1800<br>Chicago, Illinois 60654<br>(312) 938-4070<br>mstein@boodlaw.com |

NGEDOCS: 2172287.1