IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID R. GRAY, JR., as Trustee of the Midwest Real Estate Investment Company Employees' Profit Sharing Plan & Trust, | ) ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) No. 12cv6281 ) Judge Kennelly ) |
| PHOENIX BOND & INDEMNITY CO, and BCS SERVICES, INC., | ) ) ) |
| Defemdant | ) |

**MOTION OF INTERVENOR JEAN PALASZ FOR
PARTIAL RECONSIDERATION OF APRIL 27, 2014 ORDER**

Plaintiff-Intervenor, JEAN PALASZ, by her undersigned attorney, MARK D. DE BOFSKY, hereby seeks partial reconsideration of the Court's Memorandum Opinion and Order dated April 27, 2014 (Doc. 33). In support thereof, movant states:

1. Jean Palasz ("Palasz") was a participant in the Midwest Real Estate Investment Company Employees' Profit Sharing Plan & Trust ("Plan") while she was employed by Midwest prior to the voluntary termination of her employment in 1992. Despite ceasing employment, she did not withdraw her accrued vested retirement plan balance which presently has a value of well over $400,000. Those funds currently remains held in trust by the Plan consistent with ERISA's requirement that benefit plan assets be held in trust for the benefit of the plan participants. 29 U.S.C. § 1103(a). The ERISA statute further mandates that the assets of a plan "shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries…" 29 U.S.C. § 1103(c)(1).

2. Although a judgment has been entered against the Plan, it was never alleged that Palasz was a participant in any of the acts that created liability leading up to the entry of judgment, nor was she ever a wrongdoer or tortfeasor.

3. On April 27, 2014, the Court issued a Memorandum Opinion and Order sustaining the Defendants' objection to the Plan's proposal to pay benefits to Palasz and to another plan participant who has requested distribution of his accrued vested plan balance. The Court explicitly found that a judgment could be entered against the Plan. Plaintiff does not seek reconsideration of that portion of the Court's Order; however, to the extent the satisfaction of the outstanding judgment could lead to payment to the judgment creditors of Palasz's vested plan benefits, such payment would violate ERISA's anti-alienation requirements set forth in 29 U.S.C. § 1056(d)(1)("Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated") and would be unlawful.

4. The Court's April 27, 2014 Order was based primarily on the Second Circuit decision issued in *Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan,* 666 F.3d 68 (2d Cir. 2011). However, that matter involved a claim brought by a participant in a retirement plan seeking recovery from the plan of his own benefits following the plan's distribution of a portion of his account balance to his ex-wife. Thus, the case did not address ERISA's anti-alienation provision or ERISA's anti-inurement provision within the context presented here.

5. Although the *Mackey v. Lanier Collection Agency,* 486 U.S. 825 (1988) permitted a creditor to garnish an ERISA plan participant's welfare benefits, the Seventh Circuit pointed out in *Morlan v. Universal Guaranty Life Ins.Co.,* 298 F.3d 609 (7th Cir. 2002), that retirement benefits, such as the benefits at issue here, are not amenable to satisfaction of judgment. *Morlan*

thus determined that ERISA's anti-alienation provision was applicable to retirement benefits, even though it was inapplicable to welfare benefits.

6. Although the Supreme Court later touched on this issue further in *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1 (2004), the issue of whether plan assets could be used to satisfy creditors' claims was not addressed by the Court. In *Hendon,* Dr. Yates was a judgment debtor who tried to avoid satisfying outstanding judgments by repaying loans he had obtained from his profit sharing plan back into his plan. The Court overruled the creditors' argument that Dr. Yates was not an ERISA plan participant, and found that even a working owner can be an ERISA plan participant as that term is defined by 29 U.S.C. § 1002(7). However, the Court did not address whether the assets Dr. Yates placed in his plan could be reached by his creditors or whether the payments could be deemed a preference voidable in bankruptcy. If that issue was resolved, it was never reported in any subsequent ruling.

7. However, other cases have addressed the underlying issue of the reach of ERISA's anti-alienation provision. In the case of *In re Baker,* 114 F.3d 636 (7th Cir. 1997), the Seventh Circuit ruled that a bankrupt estate does not include retirement benefits, citing *Patterson v. Shumate,* 504 U.S. 753 (1996), a ruling that held ERISA-qualified retirement benefits were not includable in a bankruptcy because they may not be alienated. The court's opinion concluded:

> The Bank believes that it is inequitable for a plan fiduciary to flout his duties and then invoke ERISA as a shield. Perhaps--although the Bank offers no reason to believe that Baker's misconduct increased his apparent wealth and therefore induced the Bank to lend more. When it extended the credit that it seeks to collect from Baker's (remaining) interest in Bakco's profit-sharing plan, the Bank knew or should have recognized that this wealth could not be reached in a bankruptcy action. Inequitable or not, however, the anti-alienation clause governs. There is no "equity" exception to § 1056(d)(1) of ERISA, or § 541(c)(2) of the Bankruptcy Code. Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365, 107 L. Ed. 2d 782, 110 S. Ct. 680 (1990).

*Baker's* citation of the Supreme Court's ruling in *Guidry* is also instructive. There, a union official who had embezzled funds from the union was protected by ERISA's anti-alienation provision from having a constructive trust placed over his pension benefits to recoup the union's losses due to the embezzlement.

Additionally, a later bankruptcy ruling, *In re Hemmer,* 2011 Bankr.LEXIS 135 (S.D.Ind. January 11, 2011) relied on *Baker* in recognizing:

> Moreover, a plan trustee or participant can "money launder" and deposit funds obtained from a conspiracy to commit mail fraud in his plan and still be afforded the antialienation protections that prevent creditors from reaching plan proceeds. In re Jewell, 101 AFTR 2d 2008-1164. 4 The fact that the Debtor may lose the special tax advantages afforded §401(a) plans does not prevent the Plan's antialienation provisions from being enforced under ERISA. Accordingly, the Debtor's interest in the Plan here remains protected under Shumate, and the Trustee's motion is DENIED.

8. Based on *Baker, Guidry,* and *Hemmer,* the law is clear that an employee who commits a criminal act is entitled to shield their pension plan assets from creditors. Here, Jean Palasz had nothing whatsoever to do with the fraud found to have been committed by Midwest Real Estate. If her retirement plan assets would be protected from her own creditors, surely, her assets should be protected against the claims of creditors to whom she owes no personal liability whatsoever.

9. Finally, while 29 U.S.C. § 1132(d) permits a money judgment to be enforced against the plan as an entity, that rule applies "unless liability against [another] person is established in his individual capacity under this subchapter." Here, there are other parties, including the plan administrator, who are liable to satisfy the judgment. Thus, the judgment against the Plan should be limited to non-participant assets and ERISA's protections exempt Palasz's assets from the creditors' claims.

5

WHEREFORE, the Court should reconsider in part its April 27, 2014 Order and exempt Jean Palasz's plan assets from being subject to satisfaction of the outstanding judgment.

/s/ Mark D. DeBofsky

Attorney for Movant-Intervenor
Jean M. Palasz

Mark D. DeBofsky
DeBofsky & Associates, P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
(312) 561-4040

## **CERTIFICATE OF SERVICE**

      Mark D. DeBofsky, the attorney, certifies that he served a copy of the foregoing Motion through the CM/ECF system maintained by the Clerk of the District Court upon all parties entitled to notice on May 9, 2014.

      /s/ Mark D. DeBofsky
      Mark D. DeBofsky